IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RENA COCHRAN                                                                                    PLAINTIFF

v.                                    Civil No. 11-2049

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                  DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Rena Cochran, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g)*.*

**I.     Procedural Background:**

The plaintiff filed her application for DIB on March 19, 2007, alleging an onset date of October 2, 2006, due to pain and swelling in her right knee and leg, osteoarthritis, cardiac dysrhythmia, and depression/anxiety. Tr. 93, 122, 131-132. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 66, 69. An administrative hearing was held on December 19, 2008. Tr. 6-41. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 50 years old and possessed a high school education with two years of college course work. Tr. 12, 129. She had past relevant work "(PRW") experience as an accounts clerk and secretary. Tr. 57, 123, 141-148, 176.

AO72A
(Rev. 8/82)

On January 20, 2010, the ALJ issued a partially favorable decision. On March 26, 2008, Plaintiff attained the age of 50, changing her age category to that of an individual closely approaching advanced age. As such, as of March 26, 2008, Rule 201.14 directed a finding of disability. However, prior to March 26, 2008, the ALJ found that Plaintiff's, osteoarthritis, cardiac dysrhythmia, and anxiety disorder were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 85-86. After partially discrediting her subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform unskilled sedentary work involving occasional climbing, balancing, stooping, kneeling, crouching, and crawling. Tr. 53-57. With the assistance of a vocational expert, the ALJ found plaintiff could perform work as an assembler, charge account clerk, and escort vehicle driver prior to March 26, 2008. Tr. 58.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on January 13, 2011. Tr. 1-3. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 7, 8.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-

(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC assessment and treatment of the Medical Source Statements of Dr. Jeffrey Evans. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

Generally speaking, a treating physician's medical opinion is given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). Further, the Commissioner is encouraged to give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000); *Metz v. Shalala*, 49 F.3d 374, 377 (8th Cir. 1995). However, whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must "always give good reasons" for the particular weight given to a treating physician's evaluation. 20 C.F.R § 404.1527(d)(2); *see also* SSR 96-2p; *See Prosch v. Apfel,* 201 F.3d at 1010, 1012-13 (8th Cir. 2000).

Dr. Evans is an orthopedic specialist. He completed two separate Medical Source Statements. The first was completed on September 24, 2007, reflecting the period from July 24, 2007, until January 24, 2008. Tr. 443-444. At this time, Dr. Evans indicated that Plaintiff could lift less than 10 pounds frequently and 10 pounds occasionally, stand and walk for 2 hours during an 8-hour workday, sit for 8 hours (2 hours continuously) during an 8-hour workday, and push and pull 25 pounds. He also stated that Plaintiff could frequently balance, but should never climb, stoop, kneel, crouch, or bend. Dr. Evans noted that physical exams showing knee pain and swelling and the results of x-rays substantiated his assessment. Tr. 443-444.

Dr. Evans completed a second Medical Source Statement on October 30, 2008, reflective of the period from October 10, 2006, until the present. Tr. 529-530. In this statement, he reiterated the same limitations identified in his 2007 statement. He noted tenderness, swelling,

and crepitance in the right knee, along with tenderness in the lower pack and pain with the straight leg raise on the right. Tr. 529-530.

The ALJ contends that his RFC assessment is in line with the findings of Plaintiff's treating doctor, however, he concludes that Plaintiff can occasionally climb, balance, stoop, kneel, crouch, and crawl with no explanation for his dismissal of Dr. Evans' findings in this regard. *See Holmstrom v. Massanari,* 270 F.3d 715, 720 (8th Cir. 2001). And, an ability to stoop occasionally (i.e., from very little up to one-third of the time) is required in most unskilled sedentary occupations. SSR 96-9P. A complete inability to stoop would significantly erode the unskilled sedentary occupational base and typically result in a finding that the individual is disabled. *Id*.

Dr. Evans' diagnoses and opinion are amply supported by clinical data. Due to a crushing injury she sustained in an automobile accident in 1975, Plaintiff's right femur was fractured, requiring numerous surgeries for the placement of plates and an intra-medullary nail. She did well until 1988, when she began experiencing tenderness and swelling in her right thigh and knee. A bone scan conducted in August revealed changes in the right femur consistent with the known fracture and degenerative changes. Decreased activity seemed to prevent further complications until February 2002, when Dr. R. Cole Goodman performed surgery to correct a "squeegee" deformity. Tr. 273-274. In 2005, a repeat bone scan revealed mild increased uptake at the level of the knees bilaterally, consistent with degenerative changes. Tr. 389. Ultimately, Plaintiff underwent a series of arthroscopic knee procedures in the summer of 2006 to repair a medial meniscus tear and cartilage injuries. Tr. 395-396, 398-399. However, she continued to experience pain and swelling in her knee, following these procedures. A CT scan with a

myelogram of the lumbar spine conducted in April 2008 showed degenerative disk and joint changes in the lumbosacral spine at multiple levels. Tr. 438-439. And, in September 2008, a CT scan of her right hip revealed a defect in her femur from a prior intra-medullary rod that was subsequently removed. Tr. 448.

Plaintiff's pain can be directly attributed to objective findings. Diagnoses of degenerative joint disease of the right knee, degenerative joint and disk disease of the lumbar spine, and right-sided sciatica are substantiated by repeat examinations showing right buttock pain radiating down to the right knee with associated numbness, right sciatic nerve tenderness, crepitance with range of motion in the right knee, diffuse tenderness and effusion of the right knee, and an antalgic gait favoring the right side. Tr. 363-367, 385, 437, 438-439, 440, 441, 446, 447, 460, 461, 462, 463, 464, 465, 466, 467, 478, 479, 481-482, 489.

Since her alleged onset date, Plaintiff has consistently sought medical treatment for her pain and has undergone numerous procedures (i.e., surgery, epidural steroid injections, Hyalgan injections, physical therapy, and medication management) to alleviate the pain. Tr. 273-274, 285-287, 395-396, 398-401, 489, 507-508, 515-521, 522-526, 527-528. And, although the Hyalgan injections initially relieved her pain, they eventually lost efficacy. She has also been prescribed a variety of medications to treat her pain, including Lyrica, Dilobid, Lorcet, Lortab, Ketoprofen, and a Medrol dose pack. *See Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006) (holding that ALJ is required to consider the dosage, effectiveness, and side effects of the Plaintiff's medications).

Clearly, there is no evidence in the record to support the ALJ's residual functional capacity finding other than the non-treating physician's assessment. Tr. 368-375. And, these

7

assessments alone cannot be considered substantial evidence in the face of the conflicting assessment of a treating physician. *See Henderson v. Sullivan*, 930 F.2d 19, 21 (8th Cir. 1991). Accordingly, we believe remand is necessary to allow the ALJ to properly evaluate Dr. Evans' statements and reassess Plaintiff's RFC.

## IV.  Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this <u>14th</u> day of May 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)